977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cynthia TIMMEL, Personal Representative of the Estate of
Lionel Vernon Timmel, Deceased, Plaintiff-Appellant,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware
corporation, Defendant-Appellee.
 No. 91-35481.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1992.
Decided Oct. 22, 1992.
 
 Before FEINBERG,* GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cynthia Timmel appeals from the district court's grant of summary judgment in favor of Burlington-Northern Railroad Company. Timmel brought a diversity action seeking damages for the wrongful death of her husband, Lionel Timmel, who was killed while trying to cross the railroad tracks by a locomotive driven by an employee of Burlington.
 
 
 3
 The district court correctly concluded that it should not follow this court's decision in Power v. Union Pacific R.R., 655 F.2d 1380 (9th Cir.1981). Power wrongly predicted that the Washington Supreme Court would abandon the common law standard of care for actions involving a known trespasser in favor of a reasonable care standard. As the district court observed:
 
 
 4
 [Power ] is no longer applicable authority in light of the Washington appellate court's subsequent decisions reaffirming the application of common law standards with respect to trespassers and rejecting the Restatement's modifications of these standards. [See, e.g.,] Younce v. Ferguson, 724 P.2d at 993, 995 (holding that "[c]ommon law classifications continue to determine the duty owed by an owner or occupier of land in Washington," and noting that while "Washington relies upon and has adopted many of the definitions and corresponding duties outlined in Restatement (Second) of Torts," it is "not ready ... to totally abandon the traditional categories and adopt a unified standard"); Fernandez v. Washington, 741 P.2d at 1014 (rejecting the argument that the common law distinctions of trespasser, licensee and invitee should be abandoned when determining the duty of an owner of land to those on his or her property).
 
 
 5
 E.R. at 21-22.
 
 
 6
 Although appellant correctly points out that the Supreme Court of Washington has not yet directly confronted the issue of a known trespasser, this issue has been addressed by the Washington Court of Appeals. Further, both the Washington Supreme Court and the Washington Court of Appeals have steadfastly adhered to common law distinctions between trespasser, licensee, and invitee, with the exception of a child trespasser. See Ochampough v. City of Seattle, 588 P.2d 1351 (Wash.1979). There is no adumbration in any of these opinions of a willingness by the Washington courts to embrace Restatement (Second) of Torts § 336, which prescribes a duty of reasonable care for known trespassers. Further, the Washington Court of Appeals has expressly refused to adopt section 334 of the Restatement concerning constant trespassers. See Sikking v. National R.R. Passenger Corp., 758 P.2d 1003 (Wash.Ct.App.1988).
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3